UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDREW BOSTIC,

              Petitioner,

                                                 DECISION AND ORDER
v.                                                91-CR-212

UNITED STATES OF AMERICA,

              Respondent.

---

On March 27, 1992, petitioner Andrew Bostic was sentenced to a term of 108 months of incarceration following his plea of guilty to a violation of 21 U.S.C. §843(b). The sentence imposed was consistent with the terms of the petitioner's plea agreement.

In May 2002, the petitioner filed a motion under 28 U.S.C. § 2255. That motion was dismissed by this Court, and his appeal from that dismissal was dismissed by the United States Court of Appeals for the Second Circuit.

On May 26, 2009, the petitioner filed a petition for a writ of *audita quarela*, seeking to vacate his conviction in light of the Supreme Court's recent decision in <u>Abuelhawa v. United States</u>, 129 S. Ct. 2102 (2009). The government filed a response in opposition to the petition on December 4, 2009. For the reasons stated the petition is denied.

## DISCUSSION

Petitioner argues that the Supreme Court's recent decision in <u>Abuelhawa v. United States</u>, 129 S. Ct.. 2102 (2009), renders his conviction invalid. In <u>Abuelhawa</u>, the Supreme Court held that using a telephone to *make a misdemeanor drug purchase* does not facilitate felony drug distribution in violation of § 843(b). Unfortunately for the petitioner, that decision has no application to his conviction. As recited in the petitioner's presentence investigation report, the petitioner was not a mere purchaser of a heroin. Rather, he was a distributor who sold drugs while incarcerated and used a telephone to facilitate those drug transactions. More specifically, while in prison, the petitioner made several sales to an undercover United States Postal Inspector and made numerous phone calls to the Postal Inspector and his wife to facilitate those transactions. The petitioner's use of a telephone to facilitate felony drug transactions clearly qualifies as a violation of 21 U.S.C. § 843, and nothing in the Supreme Court's recent decision alters that conclusion.

## CONCLUSION

Accordingly, the petition for *audita quarela* is denied as meritless. The Clerk of the Court is directed to take all steps to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 20 , 2010